IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| Rikape Maritime Ltd., | ) |
|    Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: ) ) |
| Oilmar Shipping & Chartering DMCC, | ) ) **IN ADMIRALTY** |
|    Defendant, | ) ) |
| and | ) ) |
| Valero Marketing and Supply Company, | ) ) |
|    Garnishee. | ) |

**VERIFIED COMPLAINT WITH REQUEST FOR
ISSUE OF PROCESS OF
<u>MARITIME ATTACHMENT AND GARNISHMENT</u>**

Plaintiff Rikape Maritime Ltd. ("Rikape") brings this action against Defendant Oilmar Shipping & Chartering DMCC ("Oilmar") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against the Garnishee and states as follows:

**<u>Jurisdiction and Venue</u>**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Garnishee is located, can be found, and can be served with process in this District.

3. Venue is also proper in this District because Defendant's property is or soon will be in this District.

4.  Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5.  Rikape Maritime Ltd. is a corporation, duly organized under the laws of Liberia. Rikape Maritime Ltd. is the owner of the vessel MT SILVERWAY ("Vessel").

6.  Oilmar Shipping & Chartering DMCC purports to be a private limited company registered under the laws of the United Arab Emirates. Oilmar engages in the transportation of petroleum products and crude oil and chartered the Vessel from Rikape.

## Facts

7.  Oilmar chartered the Vessel from Rikape on October 30, 2018, pursuant to an amended ExxonVoy2005 form together with Socar chartering Terms 2010 and recap dated 30 October 2018 (together, the "Charterparty").

8.  Oilmar chartered the Vessel for the carriage of fuel oil from Kavkaz, Russia and Cyprus to various ports in the Defendant's option. From November 2018 to December 2018, Oilmar caused the Vessel to be loaded with fuel oil at both Kavkaz and Cyprus for delivery at Corpus Christi, Texas and St. Charles, respectively.

9.  Upon the return to Rikape of the Vessel from Oilmar, Oilmar failed to pay Rikape certain charges which the Charterparty required Oilmar to pay Rikape totaling $1,038,076.48, a breakdown of which is the following:

(a) Unpaid freight: $86,891.53;
(b) Deviation, drifting time, bunkers: $45,788.84;
(c) US freight tax: US$24,433.00;
(d) Demurrage: $647,676.04; and
(e) Heating costs: $233,287.07.

## Count I – Breach of Maritime Contract

10. Rikape incorporates the above paragraphs as if fully set forth herein.

11. Oilmar breached its maritime contract with Rikape as set out above, namely, by failing to pay as the Charterparty requires. Despite repeated demand, Rikape remains unpaid.

12. Rikape therefore demands judgment, as set out more fully below.

### Count II: Maritime Attachment and Garnishment (Rule B)

13. Rikape incorporates the above paragraphs as if specifically set forth herein.

14. Rikape seeks issue of process of maritime attachment so that it may be paid the sums due and owing.

15. No security for Rikape's claims has been posted by Oilmar or anyone acting on its behalf to date.

16. Oilmar cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District, including but not limited to the named Garnishee.

17. By information and belief, Garnishee Valero Marketing and Supply Company ("Valero") is a consignee of multiple shipments transported on the Vessel. Given this, Rikape believes that Garnishee Valero will, therefore, owe Oilmar for cargo and transportation costs.

Garnishee Valero Marketing and Supply Company is present in this District and therefore Rikape believes that property owed to Oilmar is also present in this District.

### Prayer for Relief

WHEREFORE, Rikape prays:

A. That in response to Count I, this Court have this case proceed for the security of Rikape against Oilmar in the amount of at least $1,038,076.48 plus further amounts for interest, costs and attorneys' fees;

B. That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Oilmar's tangible or intangible property or any other funds held by any Garnishee, up to the amount of at least the amount demanded herein to secure Rikape's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C. That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed.R.Civ.P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D. That this Court award Rikape Maritime Ltd. such other and further relief that this Court deems just and proper.

Dated: June 4, 2019.

/s/ J. Stephen Simms
J. Stephen Simms (#4269)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Ph:     410-783-5795
Fax:    410-5110-1789
jssimms@simmsshowers.com

4

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for Oilmar Shipping & Chartering DMCC in this District.

>Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

>Executed on June 4, 2019.

>/s/ J. Stephen Simms
>J. Stephen Simms